IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BRANDI M. MUNCY, )
 )
      Plaintiff, )
 )
vs. )
 ) Case No. CIV-12-361-F
CAROLYN W. COLVIN, )
Acting Commissioner of the Social )
Security Administration,[1] )
 )
      Defendant. )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under the Social Security Act. This matter was referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C).

On April 8, 2013, the undersigned magistrate judge submitted a Report and Recommendation, ECF 16, to the District Court recommending that the Commissioner's decision be affirmed. Plaintiff objected to the Report and Recommendation, ECF 17 ("Objection"). The District Court's subsequent Order, ECF 18 ("Order"), "granted" Plaintiff's objection and "referred [the matter] back to the Magistrate Judge" to "address

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

certain arguments" discussed "at pp. 2-5 of plaintiff's objection to the Report" (Order p. 2). After further consideration of certain arguments of Plaintiff not explicitly addressed in the original Report and Recommendation, it is recommended that the Commissioner's decision be **AFFIRMED**.

## ANALYSIS

In Plaintiff's Opening Brief, ECF 14 ("Opening Brief"), Plaintiff correctly identified the "ultimate issue" as "whether the findings of the ALJ, as adopted by the Secretary [sic], are supported by substantial evidence" (Opening Brief p. 4). As discussed in further detail in the original Report and Recommendation, substantial evidence in the record as a whole supports the ALJ's findings and ultimate decision.

In the Opening Brief, Plaintiff argued that the ALJ erred in "failing to fully consider the Plaintiff's mental impairments and their impact effect at step five" (Opening Brief p. 5). In both the Opening Brief and the Objection, Plaintiff takes issue with the ALJ's statement that "[w]ith respect to the claimant's mental limitations, she has been able to perform unskilled work in the past and should still be able to do that" (Administrative Record, ECF 12 p. 20 ("TR.")).

In her Opening Brief, Plaintiff states:

> The findings of the ALJ as to Plaintiff [sic] mental impairments and their impact effects up through and including step 5 are self-conflicting and incomplete. The ALJ initially finds that the Plaintiff has "severe" impairments inclusive of bipolar disorder and depression. (AR 14) Immediately thereafter the ALJ expressly finds that Plaintiff's severe mental impairments "reduce her ability to perform the full range or [sic] work at _all_ exertional levels". (AR 14) Yet, later in her decision the ALJ expressly finds that "[w]ith respect to the claimant's mental limitations, she has been able to perform unskilled work in the

2

> past and should still be able to do that." (AR 20) The ALJ provides no reference to any medical record for any support of her lay opinion as to exactly how the same severe mental impairments that expressly limit the Plaintiff from performing work at "all" exertional levels, then allow the Plaintiff to perform her past unskilled work with no limitations

(Opening Brief pp. 7-8) (emphasis in original).

In her objection to the Report and Recommendation, Plaintiff states:

> The Plaintiff has argued this finding of ability to do unskilled work as based on "mental limitations" is error as the ALJ provided no reference to any medical record for any support of her lay opinion as to exactly how the same severe mental impairments that expressly limit the Plaintiff from performing work at "all" exertional levels, then allow the Plaintiff to perform her past unskilled work with no limitations

(Objection p. 3).

Plaintiff's characterizations of the ALJ's step five findings in both her Opening Brief and Objection are misleading, and her arguments are fallacious. Contrary to Plaintiff's assertion, the ALJ did not find that Plaintiff could "perform her past unskilled work with no limitations" (Plaintiff's Opening Brief p. 8; Plaintiff's Objection p. 3). This case was decided at step five of the sequential evaluation process. In fact, the ALJ specifically found that "[t]he claimant is unable to perform any past relevant work" (TR. 21). The ALJ explained that her step four finding—that Plaintiff *could not* do her past relevant unskilled work—was based on Plaintiff's inability to do work requiring "contact with the public" or "customer service work" (TR. 21). The one unskilled job that Plaintiff had previously performed was that of child care attendant (TR. 21)—a job involving contact with the public.

Additionally, Plaintiff misrepresents the ALJ's findings at step two of the sequential evaluation process. At step two, the ALJ found that Plaintiff had severe impairments consisting of seizure disorder, bipolar disorder and depression (TR. 14). After identifying Plaintiff's impairments, the ALJ stated, "The claimant's impairments are severe, because they reduce her ability to perform a full range of work at all exertional levels" (TR. 14). In the Opening Brief, Plaintiff characterized the ALJ's step two statement as "expressly limit[ing] the Plaintiff from performing work at 'all' exertional levels" (Opening Brief p. 8); (*see also* Objection pp. 3-4). Based on this misrepresentation of the ALJ's statement at step two, Plaintiff then argued that this statement was inconsistent with the ALJ's step five finding that Plaintiff can perform some unskilled jobs—jobs that were, in fact, specifically identified by the VE based on the ALJ's comprehensive hypothetical question (TR. 21-22; 68-69).

The ALJ's two statements are not inconsistent. At step two, the ALJ found that Plaintiff could not perform the *full range* of work at all exertional levels. The ALJ did not find, as Plaintiff would have the court believe, that Plaintiff was precluded from performing *all work* at *all exertional levels*. The ALJ specifically limited Plaintiff to jobs which could be performed without exposing Plaintiff to "significant unprotected heights" or "potentially dangerous unguarded moving machinery," jobs which required "no commercial driving," and jobs which involved "only simple, repetitive work," with "no contact with the public" and "no customer service" (TR. 16).

In sum, the ALJ's statement at step two regarding the severity of Plaintiff's mental impairments is not inconsistent with the step five finding that Plaintiff can perform some unskilled jobs.

Finally, relying on *Frey v. Bowen*, 816 F.2d 508 (10th Cir. 1987), among other cases, Plaintiff contends in the Objection that "intact mental aptitudes are not skills, but, rather, general prerequisites for most work at any skill level" (Objection p. 3). Plaintiff contends that by restricting her to unskilled work, the ALJ improperly equated emotional impairments with lack of skill (Objection pp. 3-4). This precise argument was not raised in Plaintiff's Opening Brief and should, therefore, be deemed to be waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426-1427 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, the pleadings and briefs of the parties, and Plaintiff's objections to the original Report and Recommendation, the undersigned magistrate judge finds that the decision of the Commissioner should be **AFFIRMED**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **May 30, 2013**. The parties are further advised that failure to make timely objection to this Report and

5

Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on May 16, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE